UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM KING MOSS, III,

                                 Plaintiff,

                           -against-

THE BOARD OF EDUCATION OF THE BRENTWOOD
UNION FREE SCHOOL DISTRICT; Board President,
ROBERT FELICIANO; First Vice President, G. PAULA
MOORE; Second Vice President, DANIEL CALDERON;
Trustee, EILEEN FELIX; Trustee, MARIA GONZALEZ-
PRESCOD; Trustee, JULIA BURGOS; Trustee,
SIMONE HOLDER-DANIEL; Superintendent, RICHARD
LOESCHNER; Assistant Superintendent of Elementary
Education, ANN PALMER; and Assistant Superintendent
of Bilingual Services and Student Intake, WANDA
ORTIZ,

                                Defendants.
------------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
19-CV-2195 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

       William King Moss, III ("Plaintiff") brings this employment discrimination action

against the Board of Education of the Brentwood Union Free School District (the "Board"); Board

President, Robert Feliciano; First Vice President, G. Paula Moore; Second Vice President, Daniel

Calderon; Trustee, Eileen Felix; Trustee, Maria Gonzalez-Prescod; Trustee, Julia Burgos; Trustee,

Simone Holder-Daniel; Superintendent, Richard Loeschner; Assistant Superintendent of Elementary

Education, Ann Palmer; and Assistant Superintendent of Bilingual Services and Student Intake,

Wanda Ortiz (collectively, the "Individual Defendants" and together with the Board,

"Defendants").  Before the Court, on referral from District Judge Seybert, is Defendants' motion

to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12 (b)(5) and 12(b)(6) of the Federal Rules of

Civil Procedure ("Rules").  For the reasons set forth below, the undersigned respectfully recommends that the motion be granted.

## BACKGROUND

### A.  Factual Background

The following facts are drawn from the Amended Complaint and are accepted as true for purposes of the instant motion.  *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).  These facts, however, do not constitute findings of fact by the Court.  *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff graduated from the Brentwood Union Free School District ("District") as salutatorian and obtained an undergraduate degree and a Master's Degree in Education from Harvard University.  Compl. ¶¶ 14-15.  Plaintiff worked as a mathematics teacher in the District for eleven years before leaving for employment with the Lawrence School District in 2011, where he became the Director of Academic Affairs for the Lawrence School District in 2017.  *Id*. at ¶¶ 16-18.  On or about February 14, 2018, Plaintiff applied for the position of Assistant Superintendent for Bilingual Services and Student Intake with the District.  *Id*. at ¶¶ 22-25.

Plaintiff alleges that pursuant to Board Policy, applicants for administrative positions must be interviewed and the Superintendent must recommend a minimum of two candidates for such positions to the Board.  *Id*. at ¶¶ 27-28.   In addition to Plaintiff, there was one other applicant for the Assistant Superintendent of Bilingual Services and Student Intake position. Plaintiff was not interviewed for the position.  Plaintiff attended a Board meeting "on the evening of February 15, 2019 [sic] at which time he questioned when the interviews for the

position . . . were being held and how it was possible that the recommendation for the position was on-line prior to any interviews taking place." *Id*. at ¶ 26.  The District appointed the other applicant, a white woman, to the position. *Id*. at ¶¶ 29-31.

Based upon the foregoing set of facts, Plaintiff, in his Amended Complaint, asserts three causes of action.  Plaintiff's claims are for discrimination on the basis of race and national origin (despite the fact that Plaintiff's race and national origin are not alleged in the Complaint) in violation of  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"),[1] discrimination on the basis of race and national origin by a single defendant (unspecified) based on a violation of  42 U.S.C. § 1981, without identification of a constitutional violation; and violation New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL") by a single unspecified defendant.

## B.  Procedural Background

This action was removed from State Court on April 15, 2019.  ECF No. 1.  On July 16, 2019, Defendants filed a pre-motion request letter seeking permission to move to dismiss the action because Plaintiff had failed to serve and file the complaint, or in the alternative, seeking to dismiss the action for failure to prosecute.  ECF No. 11.  On July 19, 2019, Plaintiff filed the complaint, but there is no indication that any of the Defendants were served at this time.  ECF No. 12.  On August 7, 2019, Defendants filed a second pre-motion request letter seeking permission to move to dismiss the action for lack of personal jurisdiction and insufficient service, lack of subject matter jurisdiction, because the plaintiff did not file a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC")

---

[1] The Amended Complaint asserts this claim against Defendant, singular, however it does not identify which of the Defendants this claim is brought against.

prior to commencing the action, the claims are barred by the applicable statute of limitations, and the allegations fail to give rise to plausible claims for discrimination as they do not demonstrate a nexus between the plaintiff's race and gender and the alleged adverse employment decision.  ECF No.17.  No response was filed by Plaintiff.  By Order dated August 9, 2019, a conference to discuss the pre-motion letter request was scheduled for September 16, 2019, still no response was filed by Plaintiff.  On September 16, 2019, Judge Seybert dismissed the Complaint without prejudice to filing an Amended Complaint.  ECF No. 19.  Plaintiff filed the Amended Complaint on November 18, 2019.  ECF No. 20. There is no indication on ECF that the Amended Complaint was served on any of the Defendants.  Once again, on November 26, 2019, Defendants filed a pre-motion request letter seeking permission to move to dismiss the action for lack of personal jurisdiction and insufficient service, along with other grounds. ECF No. 21.  Plaintiff did not respond to this third request for permission to move to dismiss the action for, *inter alia*, insufficient service, nor did Plaintiff make any attempt to properly serve the Amended Complaint.  A conference was held before Judge Seybert on January 28, 2020, at which time Defendants were granted permission to file their motion to dismiss.  ECF No. 25.  On January 30, 2020, eight months after this action was removed from State Court, and after being on notice that Defendants were taking the position that service was inadequate Plaintiff served the Amended Complaint on the Board.  ECF No. 26.  No attempt was made to serve the Individual Defendants.

On February 28, 2020, Defendants filed the instant motion to dismiss.  ECF No. 27. Defendants argue that all claims must be dismissed for lack of personal jurisdiction because process was insufficient and Plaintiff failed to timely effectuate proper service.  Additionally. Defendants contend that Plaintiff's claims pursuant to Title VII must be dismissed based on his

failure to timely exhaust his administrative remedies and his state law discrimination claims are untimely.  Additionally, Defendants argue that Section 1981 does not provide a private right of action against State actors and to the extent Plaintiff purports to assert Title VII claims against the Individual Defendants, Title VII does not provide a right of action against individuals. Finally, Defendants argue that the Amended Complaint should be dismissed because Plaintiff fails to state plausible discrimination claim.  *See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mem.").  ECF No. 29.  Plaintiff opposes the motion, arguing that his time to properly serve the Amended Complaint should be extended because of excusable neglect, and that he should be granted permission to file a Second Amended Complaint.  Plaintiff fails to address any of the substantive arguments in favor of dismissal advanced by Defendants.  *See* Plaintiff's Untitled Response ("Pl. Mem.").  ECF No. 34.

## DISCUSSION

### A. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception'").  Thus, the Court begins its analysis by addressing the arguments pursuant to Rules 12(b)(4) and 12(b)(5) concerning the lack of proper service on Defendants which impacts the Court's jurisdiction pursuant to Rule 12(b)(2).[2]  Def. Mem. at 6-9.  Plaintiff concedes that he "may have incorrectly served the

---

[2] In considering a Rule 12(b)(5) and 12(b)(4) motion to dismiss for insufficient service of process, the court "must look to matters outside the complaint to determine whether it has jurisdiction."  *Hertzner v. United States*

defendants" but argues that Defendants were "still put on notice for the claim." Pl. Opp. at 7. Plaintiff does not address the deficiencies in the Summons or his failure to properly serve the Individual Defendants. According to Plaintiff, his attempt to serve the original complaint on the Board at the office of outside litigation counsel in March 2019 is sufficient to constitute excusable neglect.

Federal Rule of Civil Procedure 12(b)(4) governs insufficient process, whereas Rule 12(b)(5) governs insufficient service of process. "Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." *Gianatasio v. D'Agostino*, No. 11 Civ. 3095 (RWS), 2011 U.S. Dist. LEXIS 126809, 2011 WL 5244961, at *2 (S.D.N.Y. Nov. 2, 2011); *see also Abram v. Town of Cheektowaga Police Dep't,* No. 18-CV-1267S, 2020 U.S. Dist. LEXIS 114325, 2020 WL 3513677 (W.D.N.Y. June 29, 2020). "A Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id*. (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action if service of process did not comply with Federal Rule of Civil Procedure 4(m). Rule 4(m) provides, in relevant part, that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

---

*Postal Serv.*, No. 05-CV-2371, 2007 U.S. Dist. LEXIS 19691, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007); *see also Hilaturas Miel, S.L. v. Republic of Iraq,* 573 F.Supp.2d 781, 796 (S.D.N.Y. 2008).

Fed. R. Civ. P. 4(m). "[W]hen a defendant moves to dismiss under rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298-99 (2d Cir. 2005); *see also Schwasnick v. Fields,* 2010 U.S. Dist. LEXIS 65958, 2010 WL 26799351 (E.D.N.Y. June 30, 2010).   The plaintiff also bears the burden of showing good cause for failing to timely serve the defendant.  *Bunim v. City of New York*, No. 05-cv-1562, 2006 U.S. Dist. LEXIS 50309, 2006 WL 2056386, at *2 (S.D.N.Y. Jul. 21, 2006); *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,* 197 F.R.D. 104, 108 (S.D.N.Y. 2000).  "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs*., 290 F.3d 932, 934 (7th Cir. 2002). In assessing whether a plaintiff has made a showing of good cause, a court "should look to whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under FRCP 6(b)' for an extension of time in which to serve the defendant." *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108 (quoting *Gordon v. Hunt*, 835 F.2d 452, 453 (2d Cir.1987)). An attorney's "inadvertence, neglect, or mistake" is ordinarily insufficient to support a finding of good cause. *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108; *Fairman v. Hurley*, 373 F. Supp. 2d 227, 233 n.7 (W.D.N.Y. 2005).  "[D]istrict courts have discretion to grant extensions even in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

### 1.  Service upon the Board

Defendants contend that service on the Board was insufficient because initially Plaintiff served the Board at the offices of Silverman & Associates, which is litigation counsel for the school district, and then in January 2020, Plaintiff attempted to serve the Board by serving the District Clerk, which would have been proper, however, the Plaintiff fail to serve a summons

issued by this Court, but rather served a state court summons bearing a state court index number. Def. Mem. at 7.   Plaintiff contends that his service of the Amended Complaint on the District Clerk in January 2020 cured his mistake of service.  Pl. Opp. at 8.

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service on a governmental organization such as the Board. *See* Fed. R. Civ. P. 4(j)(2); N.Y. Educ. Law § 2508(1); N.Y. C.P.L.R. § 311(a)(7); N.Y. Educ. Law § 2(13).  Rule 4(j)(2) states that service may be completed by: "(A) delivering a copy of the summons and the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P.  4(j)(2).  Under New York law, service upon the school board requires the delivery of a copy of the summons to the chair or clerk of the board of supervisors, clerk, attorney or treasurer.   C.P.L.R. §311(a)(4).  According to the Affidavit of Service attached as Exhibit C to the Lineen Declaration, Plaintiff attempted to serve the Board with the original complaint at the White Plains offices of Silverman & Associates on March 26, 2019.  This does not constitute valid service under any of the provisions set forth above.

According to a second Affidavit of Service provided by Plaintiff, Plaintiff served the Board at the District Offices located at 52 Third Avenue in Brentwood on January 30, 2020 by delivering a copy of the Amended Complaint and a summons, *albeit* an incorrect summons.  The process receipt further indicates that service was made to "Kathleen Hoey", "a person of suitable age and discretion."  Although Ms. Hoey's title is not identified, the court can reasonably infer that she is an employee at the District.  However, there is no indication that she is the chair or clerk of the board of supervisors, clerk, attorney or treasurer as required by the C.P.L.R. Nevertheless, Defendants appear to concede that this service is proper.[3]  Def. Mem. at 7.

---

[3] Plaintiff has not, however, complied with Rule 4(j) which requires service on the superintendent.

Defendants argue, however, that this service, which was made following three pre-motion letters addressing the defects in service and two pre-motion conferences, is defective because it attaches a state court summons rather than a summons issued by this Court.

In order to survive a Rule 12(b)(5) and 12(b)(4) motion to dismiss, a plaintiff must have complied with the requirements of Rule 4. *See Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 694 (S.D. Fla. 2015). Accordingly, a plaintiff must serve a summons with the copy of the complaint. Fed. R. Civ. P. 4(c)(1). *Id.* That summons must both name the court that the defendant is being summoned to and "state the time which the defendant must appear and defend." Fed. R. Civ. P. 4(a)(1). By failing to include the federal court summons, Plaintiff has not complied with four of the seven requirements of Rule 4(a)(1). Because Plaintiff used a state court summons, this summons fails to "name the court[,] . . . state the time within which the defendant must appear and defend[,] . . . be signed by the clerk[,] . . . [or] bear the court's seal." Rules 4(a)(1)(A), (D), (F), (G). "The summons thus falls short of 'substantial compliance' with the dictates of Rule 4." *State Farm Fire & Cas. Co. v. Amazon.com Inc.,* No. CV-17-01994-PHX-JAT, 2018 U.S. Dist. LEXIS 82469, 2018 WL 2240144 (D. Ariz. May 16, 2018).

"The remedy for service of a defective summons is to quash service of process -- not to dismiss the action." *Bakhshi v. McCleod-Wilson*, No. 03-CV-5592 (FB), 2006 U.S. Dist. LEXIS 58305, 2006 WL 2403332 (E.D.N.Y. Aug. 18, 2006) (citing *Macaluso v. N.Y. Dep't of Envtl. Conservation*, 115 F.R.D. 16, 19-20 (E.D.N.Y. 1986) (quashing service but denying motion to dismiss because "there [wa]s a reasonable prospect that plaintiff[s] ultimately w[ould] be able to serve defendants properly") (internal citation and quotations omitted); *Osrecovery, Inc. v. One Group Intern., Inc.,* 234 F.R.D. 59, 61-62 (S.D.N.Y. 2005) (analyzing whether court should extend time to serve proper summons)).

"Courts in the Second Circuit are split as to whether an unsigned and unsealed summons is a technical defect or a flagrant disregard of Rule 4." *DeLuca v. AccessIT Grp., Inc*., 695 F. Supp. 2d 54, 65 (S.D.N.Y. 2010). (collecting cases); compare *Krieger v. Am. Express Fin. Advisors*, No. 98-CV-782E(F), 2000 U.S. Dist. LEXIS 1663, 2000 WL 207119, at *4 (W.D.N.Y. Feb. 16, 2000) (denying the defendant's motion to dismiss for insufficient service where the absence of the clerk's signature and the court's seal were "mere technical defects") with *Macaluso v. N.Y.S. Dep't of Envtl. Conserv*., 115 F.R.D. 16, 18 (E.D.N.Y. 1986) ("This [c]ourt . . . does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect. Instead, it amounts to a complete disregard of requirements of process set forth clearly and concisely in Rule 4."). When the error in the summons goes to form rather than substance, amendment . . . should be freely granted . . . as courts should not deny a plaintiff her day in court due to technical imperfections in service." *Durant v. Traditional Invs., Ltd*., No. 88-CV-9048, 1990 U.S. Dist. LEXIS 3074, 1990 WL 336611, at *4 (S.D.N.Y. Mar. 22, 1990); *see also Marquez v. Starrett City Assocs.,* 13-CV-2362 (LDH) (LB), 2017 U.S. Dist. LEXIS 161800 at *7 (E.D.N.Y. Sept. 30, 2017) ("technical errors that are neither misleading nor prejudicial can be cured through an amendment, the right to which should be liberally granted"), *but see Osrecovery, Inc.* 234 F.R.D. at 61 (dismissing action where plaintiff offered no excuse for failure to have summons signed because such failure "constituted a flagrant disregard of Rule 4"). "In *Osrecovery*, the plaintiff was represented by counsel, who should have known better." *Phillips v. Long Island Rail Rd. Co.,* No. 13-CV-7317, 2019 U.S. Dist. LEXIS 35285, 2019 WL 1757176, at *15 (E.D.N.Y. Mar. 4, 2019), R&R adopted, 2019 U.S. Dist. LEXIS 35285, 2019 WL 1758079 (E.D.N.Y. Mar. 25, 2019).

Here, Plaintiff has blatantly and repeatedly disregarded the Rules by failing to properly

serve the Board for close to a year and never bothering to serve to Individual Defendants. Plaintiff has offered no excuse or explanations for his failures but rather asks the Court to exercise it discretion to extend his time.   Plaintiff's blatant disregard for the Rules of this Court has been repeatedly evidenced throughout the course of this litigation.  First, Plaintiff has failed to follow the rules with regard to the form of his opposition to Defendants' motion.  Pursuant to Rule 10, which applies to all motion papers filed in this Court "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."  His opposition contains no caption.  In addition, Plaintiff's papers in opposition failed to comply with Judge Seybert's individual rules because no index of cases or table of contents were provided.  Further, Plaintiff has failed to respond to any of the three pre-motion conference request letters, has failed to respond to the substantive arguments raised in Defendants' motion to dismiss and has failed to attach proposed amended pleadings to his one paragraph motion to amend the complaint for a second time.  Plaintiff's failure to comply with any of the rules of this Court despite having been given an opportunity to correct the flaws in service is evidenced in every interaction.  In light of Plaintiff's blatant disregard of the Federal Rules of Civil Procedure, the Court recommends that Plaintiff's service of the defective summons be quashed.

Having found that Plaintiff's have failed to properly serve the Board, Court must consider if the Plaintiff has established either good cause for his failure or if the Court should exercise its discretion to extend the deadline in the absence of good cause.  *See, infra*, Section A.3.

**2.  Service upon the Individual Defendants.**

Defendants also contend that the Individual Defendants were not personally served

pursuant to Federal Rule of Civil Procedure 4. Service of process upon an individual within a judicial district of the United States is governed by Rule 4(e) which states that service may be completed by:

> (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)   doing any of the following:
>
> > (A)   delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In this case, the applicable state law is governed by Section 308 of the New York Civil Practice Law and Rules ("C.P.L.R.") which provides in pertinent part:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1.   by delivering the summons within the state to the person to be served; or
>
> 2.   by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other . . . .
>
> 3.   by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . . .
>
> 4.   where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling

12

place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other . . . .

5.      in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

C.P.L.R. § 308.

With respect to the Individual Defendants, there is no assertion made by Plaintiff that any of the Individual Defendants were personally served.  The only two affidavits of service provided by Plaintiff indicate that service was made on the offices of Silverman & Associates, which is litigation counsel for the school district in March 2019, and in January 2020, Plaintiff attempted to serve the Board by serving the District Clerk.  Lineen Dec. ¶ 4, Ex. C & E.  Leaving aside, for the moment, whether the summons and complaint were in the proper format the Court finds that neither if these actions amounted to proper service on any of the Individual Defendants.  As noted by Defendants, none of the Individual Defendants were served personally or properly served via alternative methods available under either the Rules or the CPLR.  Def. Mem.  at 8.  Plaintiff does not dispute this conclusion, thus, the Court must discuss whether Plaintiff's time to serve should be extended.

**3.      Extension of Time for Service**

Having found that Plaintiff has failed to serve the Individual Defendants and has served the Board with insufficient process, the Court must next consider Plaintiff's request that the Court extend Plaintiff's time to serve the Amended Complaint.  The Court must extend Plaintiff's time to serve the complaint if Plaintiff is able to demonstrate good cause for his

13

failure, and has discretion to extend the time to serve even if good cause is absent.  *See, e.g.,*
*Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y. 1999) ("Rule 4(m)
allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show
good cause. If the plaintiff has shown good cause, the extension is mandatory") (quotations
omitted); *Charles v. New York City Police Dep't*, 1999 U.S. Dist. LEXIS 14274, *23, 1999 WL
717300, at *7 (S.D.N.Y. Sept. 15, 1999) ("Even absent a finding of good cause, the Court has
discretion to extend the time for service.").

Generally, "[g]ood cause is . . . found only in exceptional circumstances where the
plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its
control." *E. Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y.
1999) (internal quotations and citation omitted); *McKibben v. Credit Lyonnais*, 1999 U.S. Dist.
LEXIS 12310, 1999 WL 604883, at *3 (S.D.N.Y. Aug. 10, 1999)( "Good cause or excusable
neglect is generally found only in exceptional circumstances where plaintiff's failure to serve
process in a timely manner was the result of circumstances beyond his control.").  Factors
deemed outside of the plaintiff's control typically include "sudden illness, natural catastrophe or
evasion of service of process."  *Purzak v. Long Island Housing Servs., Inc.,* Nos. 12-CV-1747*,*
12-CV-4010*,* 2013 U.S. Dist. LEXIS 131171, 2013 WL 520271, at *4 (E.D.N.Y. Sept. 13,
2013), (quoting *Madison v. BP Oil Co*., 928 F. Supp. 1132, 1137 (S.D. Ala. 1996)). In
determining whether good cause exists, district courts must consider "(1) the reasonableness and
diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the
delay." *Micciche v. Kemper Nat'l Servs*., 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008); s*ee also,*
*Hines v. Roc-A-Fella Records, LLC*, No. 19-CV-4587 (JPO), 2020 U.S. Dist. LEXIS 67849,
2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020); *Strujan v. Davis*, No. 14-CV-1972 (RRM)

(SMG), 2019 U.S. Dist. LEXIS 54486, 2019 WL 1429983 (E.D.N.Y. Mar. 29, 2019); *Fowler v. City of New York,* No. 13-CV-2372 (KAM)(RML), 2015 WL 9462097, at *5 (E.D.N.Y. Dec. 23, 2015).

Plaintiff argues that he established good cause for the extension of time to serve on the basis of excusable neglect pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Pl. Mem. at 4.  To prevail on this argument, Plaintiff must demonstrate that the delay was the result of excusable neglect. Until Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff never sought an extension of time under Rule 6, and his time to serve has clearly run.[4] "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Alvarado v. Am. Freightways, Inc*., No. 04-cv-9536, 2005 U.S. Dist. LEXIS 12226, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005).  Therefore, "[a] delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause." *Id*.

Plaintiff argues that the fact that he served outside litigation counsel retained by an insurance carrier for the Board, demonstrates that he diligently attempted to serve the Defendants. According to Plaintiff, his "failure to effectuate additional service on the appropriate party, seemed cumulative as the Board of Education had already appeared in State Court." Pl. Opp. at 5. Defendants argue that Plaintiff provides no affidavit or affirmation from him or his legal counsel offering any explanation as to why Plaintiff was unable to serve Defendants within the ninety-day deadline or at any point to date, despite being alerted to the defects in service on several occasions. The Court agrees.

---

[4] "[T]he request for a judicial extension of the [90]-day period must be sought prior to the expiration of that period." *See Maldonado*, 2016 U.S. Dist. LEXIS 137217, 2016 WL 11481201, at *2 (quoting *Alexander v. Forest City Pierrepont Assocs.*, No. CV 94-3961, 1995 U.S. Dist. LEXIS 22079, 1995 WL 406135, at *2 (E.D.N.Y. June 26, 1995)).

As early as July 2019, Plaintiff was put on notice that Defendants were contesting service, and yet he made no attempt to properly serve any of the Defendants.  Indeed, Plaintiff acknowledges that service on March 26, 2019 was a failure.  Pl. Opp. at 8.  In August and November of 2019, Defendants continued to contest service and still Plaintiff made no attempt to properly serve any of the Defendants and offers no excuse for this failure.  *See Bell v. Deutsche Bank*, No. 18CV01593, 2019 U.S. Dist. LEXIS 172794, at * 11, 2019 WL 4917901 (E.D.N.Y. Sept. 30, 2019) ("Plaintiffs offer no explanation for their failure to properly serve defendants, they have not shown 'good cause,' for this failure").  Then, in January 2020, Plaintiff served the Board with a State Court summons, further illustrating the lack of diligence on the part of Plaintiff.  Plaintiff argues that he was given a 60-day extension of time to serve the amended complaint on September 16, 2019, a contention disputed by Defendants, however he did not serve the Board until January 30, 2020, 75-days after the expiration of any 60-day extension.  To date, Plaintiff has made no effort to serve the Individual Defendants. Plaintiff does not demonstrate diligence by one failed attempt at service and therefore good cause has not been demonstrated.  *See, e.g. Alexander v. Forest City Pierrepont Assocs*., No. CV 94-3961, 1995 U.S. Dist. LEXIS 22079, 1995 WL 406135, at *2 (E.D.N.Y. June 26, 1995); *see also Barbosa v. City of New York*, No. 16 Civ. 7340 (LTS), 2018 U.S. Dist. LEXIS 165540, 2018 WL 4625620, at *3 (S.D.N.Y. Sept. 26, 2018) ("Good cause is particularly lacking in this case, where [the] [p]laintiff has never requested leave to properly serve the . . . [d]efendants despite receiving [repeated] notice of his insufficient process."); *Guerrero v. City of New York*, No. 14-CV-8035, 2018 U.S. Dist. LEXIS 154755, 2018 WL 4333985, at *6 (S.D.N.Y. Sept. 11, 2018) (holding that the plaintiff failed to demonstrate good cause because the "[d]efendants raised the issue of [defective] service in" five court filings).

Even where "good cause" does not exist, the district court, in exercising its discretion to extend the time for service, should consider the following factors: "'(1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Charles*, 1999 WL 717300, at *7 (quoting *Eastern Refractories*, 187 F.R.D. at 506). "To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" *Cassano*, 186 F. Supp. 3d at 323 (quoting *Zapata*, 502 F.3d at 198). The Second Circuit "has indicated that [it] will not disturb a district court's dismissal for untimely service absent a plaintiff's showing of a colorable excuse for his neglect." *Mares v. United States*, 627 F. App'x 21, 24 (2d Cir. 2015). "Where a party fails to take any affirmative step to serve its adversary, courts should refrain from granting that party more time to effect service." *Point-Dujour v. United States Postal Serv.*, 2003 U.S. Dist. LEXIS 5041, 2003 WL 1745290, at *3 (S.D.N.Y. March 31, 2003) (citing cases). Here, Plaintiff offers no excuse for his neglect.

Turning to the four factors to be considered, the Court notes that absent an extension the refiling of Plaintiff's Section 1981 claim would not be barred by the statute of limitations, however, his Title VII and NYSHRL may not be timely. Although the statute contemplates a dismissal without prejudice for lack of service, the Second Circuit has held that where good cause is lacking, it is not an abuse of discretion to dismiss a case even when the result of the dismissal in combination with the statute of limitations is effectively a dismissal with prejudice. However, in such instances, the district court must weigh the impact that the dismissal or the extension would have on the parties. *See Zapata,* 502 F.3d at 197  ("[W]e owe deference to the

district court's exercise of discretion whether or not it based its ruling on good cause."); *Glover v. City of New York*, 1:05-cv-5552-ENV-RML, 2007 U.S. Dist. LEXIS 7693 at *15 (E.D.N.Y. February 2, 2007) (dismissing action despite statutory bar to re-filing because the plaintiff had already been given an earlier extension and "such inexcusable neglect forfeits the right to proceed on the complaint."); *American Commer. Barge Line Co. v. Tug Joan Salton*, No. 99 CV 0846 (RCC), 2001 U.S. Dist. LEXIS 2793, 2001 WL 262724 *4-5 (S.D.N.Y. Mar. 16, 2001) (dismissing complaint because plaintiff had more than one opportunity to serve timely but still failed to do so).

Next, the court must consider whether Defendants have actual notice. "'Where there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'" *Lutin v. New Jersey Steel Corp*., Nos. 93 Civ. 6612 (AGS), 95 Civ. 4965 (AGS), 1996 U.S. Dist. LEXIS 16340, 1996 WL 636037, at *7 (S.D.N.Y. 1996) (quoting *Maryland Nat'l Bank v. M/V Tanicorp I*, 796 F. Supp. 188, 190 (D. Md. 1992)); *see also United States v. Carney*, 796 F. Supp. 700, 704 (E.D.N.Y. 1992) (Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint"). However, "[n]either actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Smith v. Bray*, No. 12-CV-07172, 2014 U.S. Dist. LEXIS 158488, 2014 WL 5823073, at *3 (S.D.N.Y. Nov. 10, 2014) (citation and internal quotation marks omitted). Actual notice does not excuse Plaintiff from complying with Rule 4, the requirements of Rule 4 are mandatory. *Hegmann v. United States*, 745 F. Supp. 886, 890 (E.D.N.Y. 1990). "[E]ven assuming [Defendants] had actual notice of the claims against them, their actual notice does not overcome Plaintiff's failure to even "attempt[] to remedy the defect [in service] by asking the

district court to extend [his] time to effect personal service.'" *Jones v. Westchester County*, No. 14-CV-9803 (KMK), 2018 U.S. Dist. LEXIS 215154, 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018) (quoting *Bogle-Assegai v. Conn.*, 470 F.3d 498, 508-09 (2d Cir. 2006)).

It is important to note that Defendants did not attempt to conceal the defect in service. *Demott v. Bacilious*, No. 11-cv-6966, 2012 WL 601074, at *8 (S.D.N.Y. 2008)). Indeed, the opposite appears to be true. Defendants have filed three pre-motion conference letters in this Court challenging service. In addition, despite Plaintiff's position to the contrary, Defendants have been prejudiced by the delay in service. Courts in this Circuit have repeatedly held that that prejudice "arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Tooker v. Town of Southampton*, No. CV 17-6006 (JS)(ARL), 2019 U.S. Dist. LEXIS 11781 (E.D.N.Y. Jan. 23, 2019). "[E]xtending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on [D]efendants, especially where, as here, both the service period and the statute of limitations period have long since expired." *Barbosa*, 2018 U.S. Dist. LEXIS 165540, 2018 WL 4625620, at *3 (quoting *Vaher*, 916 F. Supp. 2d at 421). Moreover, "those courts which considered prejudice to defendants did so only after finding that plaintiff had been diligent in attempting to make service," as "any inquiry into prejudice can be made only after a determination that plaintiffs' failure to serve process was not a result of negligence." *Kogan v. Facebook, Inc.*, No. 19-CV-2560, 2020 U.S. Dist. LEXIS 19464, 2020 WL 528706, at *8 (S.D.N.Y. Feb. 3, 2020) (quoting *Koppelman v. Schaller*, No. 87 Civ. 7912 (MBM), 1988 U.S. Dist. LEXIS 10368, 1988 WL 98781, at *3 (S.D.N.Y. Sept. 14, 1988)). Here, this Court does not conclude that Plaintiff was diligent in his efforts to effectuate service.

Therefore, while Plaintiff may be barred from re-asserting certain of his claims, the weight of

the factors above, coupled with Plaintiff's complete failure to diligently attempt service indicates that dismissal of Plaintiff's Amended Complaint in these circumstances is proper. *See Brunson-Bedi v. New York (Hudson Valley DDSO)*, No. 15-civ-9790 (NSR), 2018 U.S. Dist. LEXIS 74031, 2018 WL 2084171, at * 9 (S.D.N.Y. May 1, 2018) (declining to grant discretionary extension, despite "an even split in the factors" in light of the plaintiff's "utter failure to provide an explanation for the extensive delay in service"); *Gibbs v. Imagimed, LLC*, No. 11-CV-2949, 2013 U.S. Dist. LEXIS 77069, 2013 WL 2372265, at *4 (S.D.N.Y. May 30, 2013) (declining to grant discretionary extension, despite split in the factors, because the Plaintiff "made no effort whatsoever to comply with the Rules governing service"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun,* 93-cv-7170 (LAP), 1994 U.S. Dist. LEXIS 11934, 1994 WL 463009, at *4 (S.D.N.Y. Aug. 25, 1994) ("For though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger.").

Looking at the totality of the circumstances, which include Plaintiff's failure to respond to the substantive arguments advanced by Defendants in favor of dismissal, the undersigned respectfully recommends that Plaintiff's request for an extension of time to serve Defendants be denied. Although perhaps a harsh result, the Court is mindful that "[c]reating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect . . . [and] a rule which is honored in the breach is no rule at all." *Alexander v. Forest City Pierrepont Assocs*, No. CV 94-3961, 1995 U.S. Dist. LEXIS 22079, 1995 WL 406135, at *2 (E.D.N.Y. June 26, 1995); *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L. Ed. 2d 532 (1980) ("experience teaches that strict adherence to the procedural requirements . . . is the best guarantee of evenhanded administration of the law.");

*Brockner v. McHugh*, No. 07-CV-703, 2010 U.S. Dist. LEXIS 130827, 2010 WL 5072662, at *2

(W.D.N.Y. Dec. 10, 2010); *Rosario v. Copacabana Night Club, Inc.,* No. 97 CIV. 2052, 1998

U.S. Dist. LEXIS 7840, 1998 WL 273110, at *6 (S.D.N.Y. May 28, 1998); *Mused v. U.S. Dep't*

*of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 35 (W.D.N.Y. 1996) (recognizing that where

plaintiff "clearly failed to follow the Rules," offered no reasonable justification for such failure

and where no exceptional circumstances existed that "would warrant excusal of or mitigate th[e]

failure" strict compliance with the relevant procedural rule was necessary).  As one district court

aptly stated, "[t]hough leniency may sometimes be appropriate for those who have in good faith

attempted timely service, to afford it to litigants who have failed to make even the most basic

efforts would turn Rule 4(m) into a toothless tiger." *National Union Fire Ins. Co.*, 1994 U.S.

Dist. LEXIS 11934, 1994 WL 463009, at *4.

Accordingly, the Court finds that factors in this case weigh in favor of dismissal

notwithstanding the fact that the dismissal will effectively be a dismissal with prejudice.

Therefore, the undersigned respectfully recommends that Defendants' motion to dismiss be

granted.

## B. Merits of the Complaint

Given the above determination, it is unnecessary for the Court to address the merits of the

motion to dismiss made by Defendants or Plaintiff's cross-motion to amend the complaint,

nevertheless this Court is compelled to address certain infirmities in allowing Plaintiff's action to

proceed.

### 1. Motion to Dismiss

In their motion to dismiss Defendants argue that Plaintiff's claims pursuant to Title VII

must be dismissed based on his failure to timely exhaust his administrative remedies, he fails to

state a claim pursuant to Section 1981 because Section 1981 does not provide a private right of action against state actors, his state law discrimination claims are untimely, his claims under Title VII against the Individual Defendants must be dismissed because Individual Defendants cannot be held liable under Title VII and the Amended Complaint fails to state plausible discrimination claim.  Plaintiff has not responded to any of these arguments.  Generally, where a plaintiff does not respond to arguments raised by defendants on a motion to dismiss the claim is deemed abandoned.  *See Allstate Ins. Co. v. Long Island Power Auth.,* No. 14 Civ. 444 (JS) (SIL), 2015 U.S. Dist. LEXIS 24110, 2015 WL 867064, at *2 (E.D.N.Y. Feb. 27, 2015) ("Because Defendants have not responded to Allstate's arguments regarding this affirmative defense, the Court deems this defense abandoned."); *Bilan v. Davis*, No. 11-CV-5509 (RJS) (JLC), 2013 U.S. Dist. LEXIS 107619, 2013 WL 3940562, at *7 (S.D.N.Y. July 31, 2013) (a district court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed") (quoting *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2005)).  Accordingly, the undersigned respectfully recommends that Defendants' motion to dismiss each of Plaintiff's claims be granted in its entirety.

### 2.    Motion to Amend

Because Plaintiff has abandoned each of the claims asserted in the Amended Complaint it is unclear the nature of his proposed amendment, particularly since he has already been granted permission to amend his pleadings once before.  However, in his opposition to Defendants' motion to dismiss, Plaintiff requested leave to amend his complaint a second time.  Plaintiff has failed to provide the Court with a proposed amended pleading setting forth the claims he wishes to assert as required by Rule 15.  "[N]umerous courts have held that a bare request to amend a

pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under Fed. R. Civ. P. 15." *Krevat v. Burgers To Go, Inc.,* 13-CV-6258 (JS) (AKT), 2015 U.S. Dist. LEXIS 35946, 2015 WL 1412707, at * 4 (E.D.N.Y. Mar. 23, 2015) (quoting *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.,* No. 12-CV-2285, 2014 U.S. Dist. LEXIS 157806, 2014 WL 5822628, at *5 (E.D.N.Y. Nov. 6, 2014) (internal quotation marks and citations omitted) (collecting cases)); *see also Curry v. Campbell*, No. 06-CV-2841, 2012 U.S. Dist. LEXIS 40341, 2012 WL 1004894, at *7 (E.D.N.Y. Mar. 23, 2012) ("To satisfy the requirement of particularly in a motion to amend a pleading, the proposed amended pleading must accompany the motion so that both the Court and opposing parties can understand the exact changes sought." (internal quotation marks and citation omitted)). "Indeed, even after he was made aware of this omission, Plaintiff did not seek leave from this Court to supplement his briefing to include his proposed amended pleading." *Capak v. Epps*, 18-cv-4325 (RA) (KHP), 2020 U.S. Dist. LEXIS 63479 (S.D.N.Y. Apr. 7, 2020). "Neither Defendants nor the Court can properly evaluate whether the proposed amendment has any merit absent a proposed pleading." *Id.* (*citing Owens v. Textron Fin. Corp.,* No. 13 CV 5948(VB), 2014 U.S. Dist. LEXIS 113285, 2014 WL 3887181, *5 (S.D.N.Y. July 14, 2014), aff'd 590 F. App'x 83 (2d Cir. 2015) (denying motion to amend because plaintiff had not submitted proposed amended pleading or demonstrated that the amendment would not be futile); *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 329-30 (S.D.N.Y. 2005) (failing to provide proposed amended pleading was prejudicial to defendant); *Gibbs v. Goord*, No. 02-cv-4556, 2003 U.S. Dist. LEXIS 15203, 2003 WL 22052313, *8 (S.D.N.Y. Sept. 4, 2003) (denying motion to add defendant where plaintiff failed to submit proposed amended complaint)).

Accordingly, in light of Plaintiff's failure to attach a proposed amended pleading coupled

with the abandonment of previously asserted claims, the undersigned respectfully recommends that Plaintiff's motion to amend the complaint be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
        September 30, 2020

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge
