```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM KING MOSS, III,

                        Plaintiff,
                                        MEMORANDUM & ORDER
            -against-                   19-CV-2195(JS)(ARL)

THE BOARD OF EDUCATION OF THE BRENTWOOD
UNION FREE SCHOOL DISTRICT; Board
President, ROBERT FELICIANO; First Vice
President, G. PAULA MOORE; Second Vice
President, DANIEL CALDERON; Trustee,
SIMONE HOLDER-DANIEL; Superintendent,
RICHARD LOESCHNER; Assistant
Superintendent of Elementary Education,
ANN PALMER; and Assistant Superintendent
of Bilingual Services and Student Intake,
WANDA ORTIZ,

                        Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Michele A. Baptiste, Esq.
                   Law Office of Michele A. Baptiste
                   1225 Franklin Avenue, Suite 325
                   Garden City, New York 11530

For Defendant:     Caroline B. Lineen, Esq.
                   Silverman & Associates
                   445 Hamilton Avenue, Suite 1102
                   White Plains, New York 10601
```

SEYBERT, District Judge:

William King Moss, III ("Plaintiff") initiated this action against the Board of Education of the Brentwood Union Free School District (the "Board"); Robert Feliciano; G. Paula Moore; Daniel Calderon; Simone Holder-Daniel; Richard Loeschner; Ann Palmer; and Wanda Ortiz (the "Individual Defendant" and together with the Board, "Defendants"), alleging employment discrimination

1

claims. (Am. Compl., ECF No. 20.) By Report and Recommendation dated September 30, 2020, Magistrate Judge Arlene R. Lindsay recommended that the Court grant Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) for insufficient service of process. (Report & Recommendation ("R&R"), ECF No. 38.) After the Court granted Plaintiff an extension to retain new counsel, Plaintiff timely filed objections. (Pl. Obj., ECF No. 45; Defs. Obj. Opp., ECF No. 46.) For the following reasons, Plaintiff's objections are OVERRULED, the R&R is ADOPTED, and Defendants' motion is GRANTED.

## BACKGROUND

The Court presumes the parties' familiarity with the factual and procedural background as set forth in the R&R and recites only the facts necessary to adjudicate the pending motion. (See R&R at 2-5.)

I. Factual History

Plaintiff worked at Brentwood Union Free School District ("Brentwood") for eleven years as a mathematics teacher before leaving to work at Lawrence School District in 2011. In or around February 2018, Plaintiff and another individual applied for the position of Assistant Superintendent for Bilingual Services and Student Intake with Brentwood. Plaintiff alleges that Brentwood

failed to follow Board policy in filling out the position and ultimately hired Plaintiff's competitor, a white woman.

## II. Procedural History

Plaintiff initiated this action alleging three causes of action: race and national origin discrimination in violation of Title VII; race and national origin discrimination as against a single, unidentified defendant in violation of 42 U.S.C. § 1981; and violation of the New York State Human Rights Law by a single, unidentified defendant. (Am. Compl. ¶¶ 33-43.) The action was removed from New York state court on April 15, 2019.

On July 16, 2019, Defendants filed their first motion for a pre-motion conference ("PMC"), seeking leave to file a motion to dismiss the action because Plaintiff had failed to serve and file the Complaint, among other reasons. (First PMC Ltr., ECF No. 11.) While Plaintiff did not respond, three days later, Plaintiff filed the Complaint. (Compl., ECF No. 12.) However, there is no indication, and Plaintiff does not so contend, that the Complaint was ever served on the Board or any of the Individual Defendants.

On August 7, 2019, Defendants filed their second motion for a PMC, again putting Plaintiff on notice that they intended to move to dismiss the action for lack of personal jurisdiction due to insufficient service of process, among other grounds. (Second PMC Ltr., ECF No. 17.) Plaintiff did not respond. On September 16, 2019, this Court held a PMC, which Plaintiff's former counsel

3

attended, to discuss Defendants' PMC letters. (Min. Entry, ECF No. 19.) Following the PMC, this Court dismissed the Complaint without prejudice to filing an amended complaint. Approximately two months later, Plaintiff filed his Amended Complaint, but again there is no indication, and Plaintiff does not so contend, that the Amended Complaint was served on the Board or any of the Individual Defendants.

On November 26, 2019, Defendants filed their third PMC request seeking permission to move to dismiss the action for lack of personal jurisdiction and insufficient service, among other grounds. (Third PMC Ltr., ECF No. 21.) Plaintiff did not respond, nor does it appear he took any steps to properly serve the Amended Complaint on Defendants. As a result, at the PMC held on January 28, 2020, this Court granted Defendants leave to file their motion. (Min. Entry, ECF No. 25.) Two days later, and eight months after this action was removed from state court, Plaintiff served the Amended Complaint on the Board, and the state court summons bearing the state court index. (Summons, ECF No. 26.) Plaintiff did not attempt to serve the Individual Defendants.

On February 28, 2020, Defendants filed their motion to dismiss for, inter alia, insufficient process and lack of personal jurisdiction. (Mot., ECF No. 27; Defs. Br., ECF No. 29; Reply, ECF No. 35.) Plaintiff opposed the motion. (Pl. Opp., ECF No. 33.) On September 30, 2020, Judge Lindsay issued her R&R

4

recommending that the Court grant Defendants' motion to dismiss. Shortly thereafter, Plaintiff severed ties with his attorney. (See Ltr. Mot., ECF No. 39.)

III. Judge Lindsay's R&R

Accurately summarizing the Rules governing service of process in federal courts (see R&R at 5-7) and setting forth the governing standard under the Rules for a motion to dismiss for insufficient process, Judge Lindsay determined that Plaintiff failed to properly serve the Board. (R&R at 7-11.) Specifically, Judge Lindsay found that Plaintiff's initial attempt to serve the Complaint on Defendants by serving it on Defendants' outside counsel failed under the Rules and New York law (id. at 8), and that Plaintiff's follow-up effort on January 30, 2020 did not cure his mistake, because the summons was defective (id at 9-11). Moreover, Judge Lindsay found that "none of the Individual Defendants were personally or properly served," a conclusion Plaintiff does not dispute. (Id. at 11-13.)

Judge Lindsay then considered whether Plaintiff could make a showing of good cause to extend the time for service. (Id. at 13-21.) Answering that question in the negative, Judge Lindsay reasoned that Plaintiff had been on notice that Defendants were contesting service for several months but failed to attempt to properly serve the Board or the Individual Defendants. (Id. at 15-16.) Nevertheless, Judge Lindsay considered whether, even

5

absent good cause, the Court should exercise its discretion to extend the time for service, but "[l]ooking at the totality of the circumstances," including the factors typically considered by courts in this Circuit, concluded that the Court should not exercise its discretion in this instance. (Id. at 17-21.) Last, Judge Lindsay addressed several "infirmities" in Plaintiff's pleadings and recommended this Court reject Plaintiff's request to amend his complaint for a second time. (Id. at 21-24.)

DISCUSSION

I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3). The Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

II. Analysis

Plaintiff does not object to Judge Lindsay's finding that he failed to properly serve Defendants. (Pl. Obj. at 2 ("Admittedly, there were numerous procedural issues with the service of the complaint and amended complaint in this case.").) "The district court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed." Parsons v. Walsh, No. 01-CV-5840, 2003 WL 21143074, at *1 (citing Thomas, 474 U.S. at 150). Accordingly, the R&R's conclusion that Plaintiff failed to properly serve Defendants is ADOPTED without objection.

Turning to Plaintiff's objections, the Court finds them to be general and "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Lindsay. Out of the Blue Wholesale, LLC v. Pacific American Fish Co., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Thus, the Court reviews Judge Lindsay's analysis for clear error and finds none. The R&R is therefore ADOPTED in its entirety.

Moreover, even under de novo review, the Court would adopt the R&R. First, while Plaintiff objects to Judge Lindsay's

finding that he failed to establish good cause for his failure to timely serve Defendants (Pl. Obj. at 3-4), it is within the court's discretion to deny a plaintiff an extension to serve "so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007). Although Plaintiff contends that "Defendants were not prejudiced" by the improper service, because they were aware of the action, as evidenced by their three requests for a PMC (Pl. Obj. at 3), Judge Lindsay correctly stated that courts considering whether good cause has been shown consider not just prejudice to the defendants, but also "the reasonableness and diligence of Plaintiff's efforts to serve." (R&R at 14 (quoting Micciche v. Kemper Nat'l Servs., 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008).) Indeed, "courts which considered prejudice to defendants did so only after finding that plaintiff had been diligent in attempting to make service," as "any inquiry into prejudice can be made only after a determination that plaintiffs' failure to serve process was not a result of negligence." Kogan v. Facebook, Inc., 334 F.R.D. 393, 403 (S.D.N.Y. 2020) (quoting Koppelman v. Schaller, No. 87-CV-7912, 1988 WL 98781, at *3 (S.D.N.Y. Sept. 14, 1988)). As Judge Lindsay conclusively decided here, Plaintiff cannot demonstrate that he diligently attempted to serve Defendants. (See R&R at 14-16.)

To the extent Plaintiff offers new information in his Objections as to why Plaintiff's former counsel failed to timely serve Defendants, namely, "law office failure as a result of two attorneys resigning from his office," as a basis for objecting to the R&R, the Court is not persuaded. (Pl. Obj. at 4; see generally Monte Chandler, Esq. Decl., ECF No. 45-2.) Putting aside whether the Court should consider this newfound justification, which could have been raised in Plaintiff's Opposition, it is well established that "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 56 (E.D.N.Y. 2006). Even crediting Plaintiff's justification, the Court finds it amounts to nothing more than, as Plaintiff puts it, "attorney negligence" (Pl. Obj. at 4). See Micciche, 560 F. Supp. 2d at 209-10 (finding plaintiff failed to establish good cause based upon the "absence of the full time paralegal who was out on maternity leave", explaining plaintiff should "have anticipated that his full-time paralegal would be taking maternity leave" and "made the requisite preparations to fulfil his responsibilities to his clients and the court"). Accordingly, Plaintiff's objection as to the good cause requirement is without merit and would be OVERRULED.

Second, Plaintiff objects to Judge Lindsay's recommendation that this Court should decline to exercise its discretion and grant Plaintiff an extension for service. (Pl.

9

Obj. at 4-7.) Specifically, Plaintiff argues, as he did in his Opposition, that some of his claims may be barred if they are dismissed. (Compare id. at 6-7, with Pl. Opp. at 9-10.) But this argument addresses only one of the four factors that courts in this Circuit, including Judge Lindsay in her R&R, consider when deciding whether to exercise their discretion. (See R&R at 17-21 (laying out four-factor test[1] and applying it to the facts here).) While it is true that certain of Plaintiff's claims may be barred by enforcing the service deadline, "numerous courts have held" that fact "does not always warrant a discretionary exception." Kogan, 334 F.R.D. at 404 (quoting Harmon v. Bogart, 788 F. App'x 808, 810 (2d Cir. 2019)) (collecting cases). This is especially the case where, as here, Defendants did not try to conceal the defect in service. To the contrary, Defendants put Plaintiff on notice that they were contesting service on several occasions, including in their three PMC letter-requests. Moreover, to the extent Plaintiff argues that Defendants will not be prejudiced by an extension, Plaintiff fails to address case law in this Circuit, cited by Judge Lindsay (see R&R at 19), holding that prejudice

---

[1] The four factors include: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." Kogan, 334 F.R.D. at 404.

"arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." Tooker v. Town of Southampton, No. 17-CV-6006, 2019 WL 1227805, at *6 (E.D.N.Y. Jan. 23, 2019), report and recommendation adopted, 2019 WL 1233629 (E.D.N.Y. Mar. 11, 2019); Barbarosa v. City of New York, No. 16-CV-7340, 2018 WL 4625620, at *3 (E.D.N.Y. Sept. 26, 2018); see also Kogan, 334 F.R.D. at 403. Thus, "looking at the totality of the circumstances," including the applicable four factors, the Court is warranted in declining to exercise its discretion to extend the time for service. Accordingly, Plaintiff's objections as to his request for a discretionary extension are unsustainable.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Upon careful review and consideration under both the clear error and de novo review standards, the Court finds Magistrate Judge Lindsay's R&R to be well-reasoned, comprehensive, and free of error  Accordingly, for the stated reasons, IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED, the R&R is ADOPTED as stated, and Defendants' motion to dismiss is GRANTED. The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March   31  , 2021
       Central Islip, New York